IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHN LUKE LYONS, LOUISE L. TUTTLE, and CRAIG W. WALSH,<br><br>Plaintiffs,<br><br>vs.<br><br>V2 LOGISTICS CORP., AM2 FREIGHT OPERATIONS INC., and GREAT SILK ROAD TRANSPORTATION INC.,<br><br>Defendants. | Civil No. 23-00439 MWJS-WRP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT |

**ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL DISMISSAL OF COMPLAINT**

For the reasons set forth below, the Court GRANTS the pending motion for partial dismissal of the Complaint, ECF No. 22, and DENIES the pending motion for judicial notice as moot, ECF No. 23.

\*     \*     \*

The Complaint alleges that in 2020, Plaintiffs John Luke Lyons (an active sailor in the United States Navy) and his spouse, Louise L. Tuttle, arranged for the Defendant companies to transport their vehicle from Virginia to Hawaiʻi. This began what they allege was a nightmare experience in which Tuttle was sexually molested by an individual purporting to work on Defendants' behalf and, in the

end, Plaintiffs never saw their vehicle again.  Proceeding pro se, they allege that Defendants violated the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3958, and engaged in conduct causing Tuttle substantial emotional distress, in violation of 18 U.S.C. § 2261A.

The merits of these claims are not at issue here.  Instead, Defendants have moved to dismiss claims pressed principally by a third pro se plaintiff—Craig W. Walsh—who alleges that he owns the legal registration of the company name, "Hawaii Car Transport," under which Defendants operated a shipping brokerage business.  ECF No. 22.  In these claims pressed principally by Walsh (but in which Lyons and Tuttle apparently join), Plaintiffs allege that Defendants violated the "false designation of origin" provisions of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and further allege that Defendants violated Walsh's trademark or ownership rights to the "Hawaii Car Transport" trade name.  ECF No. 1, at PageID.14-17, 19 (¶¶ 43-47, 51).  In connection with these claims, the Complaint seeks an order preventing Defendants "from using the name 'Hawaii Car Transport'" and directing them to "amend their website and other literature to make clear they are not, in fact, located in Hawaii nor authorized to do business in Hawaii."  *Id.* at PageID.18 (¶ 50).

//

//

In their motion to dismiss, Defendants V2 Logistics Corp. (V2) and AM2 Freight Operations Inc. (AM2) (collectively, the "V2 Defendants")[1] argue that (i) the Lanham Act claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted; (ii) the trademark or other ownership claims should also be dismissed under Rule 12(b)(6); and (iii) to the extent Walsh purports to join the SCRA and substantial emotional distress claims of Lyons and Tuttle, these claims should be dismissed as to him under Rule 12(b)(1) for lack of standing.

On April 1, 2024, Walsh filed a response to the motion. ECF No. 33. In that response, Walsh does not meaningfully oppose any of the arguments in the V2 Defendants' motion. Instead, he agrees that it is "appropriate that the Relief claimed in ¶ 50 of the Complaint . . . be dismissed, and that I be removed as a plaintiff in this case." *Id.* at PageID.227. Lyons and Tuttle, meanwhile, filed no response to the V2 Defendants' motion, and the deadline to do so is now more than two weeks passed. *See* ECF No. 28.

---

[1]   A third named defendant, "Great Silk Road Transportation Inc.," has not yet made an appearance in this case. *See* ECF No. 32. The V2 Defendants argue that this third defendant—whose employee or contractor is alleged to have committed the sexual molestation of Tuttle—is not affiliated with the V2 Defendants and is instead allegedly a freight company that contracted with the V2 Defendants to ship Lyon and Tuttle's vehicle. ECF No. 22, at PageID.121. The merits of these contentions need not be resolved here.

Accordingly, the Court elects to decide the motion without a hearing, *see* Local Rule 7.1(c), and GRANTS the V2 Defendants' motion to dismiss the Lanham Act and trademark (or other trademark-related) claims under Rule 12(b)(6). This dismissal is directed, specifically, at paragraphs 43 through 47, 50, and 51 of the complaint and any related attached exhibits. And because those claims could not be saved by amendment of the complaint, this dismissal is with prejudice. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Furthermore, to the extent Walsh purported to join the complaint's other claims—that is, the SCRA and substantial emotional distress claims—the Court agrees with the V2 Defendants that he lacked standing to do so. The Court therefore GRANTS the motion to dismiss any such claims (solely as to Walsh) under Rule 12(b)(1) without prejudice. Finally, the V2 Defendants' motion for judicial notice, which they filed in support of their motion to dismiss, is DENIED as moot.

    IT IS SO ORDERED.

    DATED: April 22, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 23-00439 MWJS-WRP, *John Luke Lyons* et al. *v. V2 Logistics Corp.* et al.; ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT