IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN LUKE LYONS and LOUISE L. TUTTLE, | ) CIVIL NO. 23-00439 MWJS-WRP ) |
| Plaintiffs, | ) FINDINGS AND ) RECOMMENDATION TO DENY ) PLAINTIFFS' MOTION FOR |
| vs. | ) DEFAULT JUDGMENT AGAINST ) GREAT SILK RD |
| V2 LOGISTICS CORP., AM2 FREIGHT OPERATIONS, INC., and GREAT SILK RD TRANSPORTATION INC, | ) TRANSPORTATION INC AND TO ) DISMISS THIS CASE ) ) ) |
| Defendants. | ) ) ） |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT AGAINST GREAT SILK RD
TRANSPORTATION INC AND TO DISMISS THIS CASE

Before the Court is Plaintiffs Louise L. Tuttle (Tuttle) and John Luke Lyons' (Lyons) Motion for Entry of Default Judgment against Defendant Great Silk Rd Transportation Inc (Motion), filed April 11, 2025. See Pls.' Mot., ECF No. 68. No opposition was filed. The Court finds this Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be DENIED and that this

action be dismissed.[1]

## BACKGROUND

On June 12, 2024, Plaintiffs, who are married, filed their Amended Complaint (Complaint) asserting various claims against Defendants V2 Logistics Corp., AM2 Freight Operations Inc. (collectively, "V2 Defendants") and Great Silk Rd Transportation Inc (Great Silk). See Am. Compl., ECF No. 44. Plaintiffs voluntarily dismissed their claims against V2 Defendants on March 6, 2025. See Stipulation for Partial Dismissal, ECF No. 66. The present Motion seeks default solely against Great Silk, who has failed to appear or otherwise respond to Plaintiffs' Complaint.

According to the Complaint, Lyons became an active-duty member of the United States Navy on April 27, 2016, and was transferred from Virginia to Pearl Harbor, Hawaii on July 9, 2020. See Am. Compl., ECF No. 44 ¶¶ 9-11. Plaintiffs engaged Hawaii Car Transport (affiliated with V2 Defendants) to ship Lyons' vehicle to Hawaii. See id. ¶¶ 12-13. Hawaii Car Transport, in turn, contracted with Great Silk to transport the vehicle from Virginia to California

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

where the vehicle would then travel to Hawaii by vessel.  See id. ¶¶ 13, 16.

On November 25, 2020, Great Silk's driver, identified as "Shalva," picked up the vehicle at Plaintiffs' residence.  See id. ¶¶ 18-19.  During the handoff, Shalva, inappropriately touched Tuttle, made "sexual suggestions" to her, and sent her a vulgar text message.  See id. ¶ 21.  Shalva then drove Plaintiffs' vehicle away.  See id. ¶ 22.  Tuttle subsequently contacted the police regarding the incident.  See id. ¶ 25.

Great Silk transported the vehicle to California but did not ship it to Hawaii because Great Silk was not in possession of the vehicle's certificate of title. See id. ¶¶ 29-30.  After this issue was brought to Plaintiffs' attention, Great Silk demanded that Plaintiffs pay storage fees of $50 per day and threatened to place a lien on the vehicle.  See id. ¶ 31.  Hawaii Car Transport informed Plaintiffs that it had directed Great Silk not to auction the vehicle.  See id. ¶ 32.  Great Silk eventually put the vehicle in storage in California and Plaintiffs have not communicated with Great Silk since.  See id. ¶ 34.

Proceeding pro se, Plaintiffs contend that Great Silk (1) violated the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3958, by allegedly selling their vehicle to pay storage fees while Lyons was an active servicemember of the Navy, and (2) sexually assaulted Tuttle, in violation of 18 U.S.C. § 2261A.  See Pls.' Mot., 68-1 at 2.

3

DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation. See Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

      (1) the possibility of prejudice to the plaintiff;
      (2) the merits of plaintiff's substantive claim;
      (3) the sufficiency of the complaint;
      (4) the sum of money at stake in the action;
      (5) the possibility of a dispute concerning material facts;
      (6) whether the default was due to excusable neglect; and
      (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to

which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).  Where, as here, the Plaintiffs are proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [Plaintiffs] the benefit of any doubt."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

The Court finds that the second and third Eitel factors, the merits of Plaintiffs' substantive claims and the sufficiency of the Complaint, are dispositive.  See United States ex rel. Lesnik v. Eisenmann SE, No. 16-CV-01120-LHK, 2021 WL 4243399, at *11 (N.D. Cal. Sept. 17, 2021), aff'd sub nom. United States ex rel. Lesnik v. ISM Vuzem d.o.o., 112 F.4th 816 (9th Cir. 2024) (citing Golden W. Veg, Inc. v. Bartley, No. 16-CV-03718-LHK, 2017 WL 386254, at *6 (N.D. Cal. Jan. 27, 2017) (explaining that failure to satisfy the second and third Eitel factors is sufficient to deny a motion for default judgment)).  Even construing Plaintiffs' Complaint liberally, the Court finds that the allegations therein, taken as true, do not establish that Plaintiffs are entitled to default judgment against Great Silk pursuant to the SCRA claim, or as to Tuttle's 18 U.S.C. Section 2261A sexual assault claim.

I.      SCRA Claim

Under the SCRA, "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement." 50 U.S.C. § 3958. Based on this statute, Plaintiffs allege that Great Silk had a lien on Lyons' vehicle and foreclosed or enforced the lien in violation of the SCRA, 50 U.S.C. Section 3958. See Am. Compl., ECF No. 44 at 12.

Although Plaintiffs plausibly allege that Great Silk asserted a lien on the vehicle, they do not adequately allege that Great Silk foreclosed on the lien. The Complaint states the following relevant allegations: (i) Lyons was and is an active member of the Navy, see id. ¶ 9, (ii) his vehicle was picked up by Great Silk for transport to Hawaii but, because Great Silk failed to obtain the proper paperwork from Plaintiffs at the time of pick-up, Great Silk was unable to transport the vehicle to its final destination, see id. ¶¶ 19-30; (iii) when Great Silk could not transport the vehicle to Hawaii, Great Silk demanded money from Plaintiffs and threatened to place a lien on the vehicle, see id. ¶ 31; and (iv) Great Silk then "made the decision to put the car into storage in California." Under California law, these facts arguably establish that Great Silk had a valid lien on Lyons' vehicle.

6

See e.g., Cal. Civ. Code § 3068.1[1] ("Every person has a lien dependent upon possession for the compensation to which the person is legally entitled for . . . storage . . . of any vehicle subject to registration that has been authorized to be removed by a . . . registered owner of the vehicle.").

However, to show a violation of the SCRA, Plaintiffs must also allege that Great Silk actually foreclosed or enforced the lien, which Plaintiffs have not done. See 50 U.S.C. § 3958. According to the Complaint, Plaintiffs speculate that the vehicle may have been sold:

> The day before, January 13, [Great Silk] said [it] made the decision to put the car into storage in California. . . .
>
> Nothing further has been heard of the car. It was presumably sold to pay the storage fees, but no accounting was sent to LYONS or TUTTLE.

Am. Compl., ECF No. 44 ¶¶ 33-34. At most, these statements show that Great Silk *may* have foreclosed on its lien by selling the vehicle to pay for storage fees, which is insufficient for purposes of finding Great Silk liable under the SCRA. Plaintiffs are unsure if the vehicle was ever sold, much less whether Great Silk was the one who sold it. If Great Silk put the vehicle in storage but never sold it, Great Silk would not be liable under the SCRA because it would not have "foreclosed" or "enforced" its lien. Likewise, if Great Silk put the vehicle in a third-party's

---

[1] Because the vehicle was stored in California, the Court applies California law.

possession for storage and that third-party ultimately sold the vehicle, then Great Silk would not have foreclosed or enforced its lien. Absent clear allegations that Great Silk actually sold the vehicle to pay for storage fees, Plaintiffs fall short of establishing liability under the SCRA, 50 U.S.C. Section 3958, for purposes of default judgment.

Because the Court finds that Plaintiffs have failed to establish the second and third Eitel factors with respect to the SCRA claim, the Court RECOMMENDS that Plaintiffs' Motion be DENIED as to the SCRA claim. See Eisenmann SE, 2021 WL 4243399, at *11.

II.   Sexual Assault Claim Under 18 U.S.C. Section 2261A

Tuttle contends that Great Silk, through the acts of its agent, Shalva, violated 18 U.S.C. Section 2261A, which is a criminal stalking statute. A civil complaint cannot state a claim for violation of a criminal statute. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Further, "federal criminal law [can] be enforced only by a federal prosecutor, not by any private party." DeAlcantara v. Shigemura, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *2 (D. Haw. Nov. 2, 2016) (citation omitted). Tuttle therefore lacks standing to bring claims for violation of federal criminal law. See id.; see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Rock v. BAE Sys., Inc., 556 F.

8

App'x 869, 871 (11th Cir. 2014) (holding that 18 U.S.C. § 2261A does not create a private cause of action).

Moreover, Tuttle has not alleged that Shalva's tortious conduct was committed within the scope of his employment. See Doe v. Uber Techs., Inc., 184 F. Supp. 3d 774, 784 (N.D. Cal. 2016); Pls.' Mot., ECF No. 68. Without such allegations, Great Silk cannot be held liable for Shalva's conduct.

Based on the foregoing, the Court finds that Plaintiffs have also failed to establish the second and third Eitel factors with respect to Tuttle's sexual assault claim against Great Silk under 18 U.S.C. Section 2261A. Accordingly, the Court RECOMMENDS that Plaintiffs' Motion be DENIED with respect this claim. See Eisenmann SE, 2021 WL 4243399, at *11.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment against Defendant Great Silk Transportation Inc, ECF No. 68, be DENIED. As there are no remaining claims in this action, the Court further RECOMMENDS that this case be DISMISSED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JUNE 25, 2025.



Wes Reber Porter
United States Magistrate Judge

**LYONS, ET AL. v. V2 LOGISTICS CORP., ET AL.; CIVIL NO. 23-00439 MWJS-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST GREAT SILK RD TRANSPORTATION INC AND TO DISMISS THIS CASE**